**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-3142-WJM-KMT

ANTHONY J. LUCERO,

    Plaintiff,

v.

PAUL GORDON, and
PAUL GORDON LLC,

    Defendants.

---

**ORDER ADOPTING SEPTEMBER 17, 2018 RECOMMENDATION OF MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING PLAINTIFF'S CONSTITUTIONAL CLAIM, AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIM**

---

This matter is before the Court on United States Magistrate Judge Kathleen M. Tafoya's Recommendation dated September 17, 2018 (the "Recommendation") (ECF No. 21), which recommended that this Court grant Defendant Paul Gordon and Defendant Paul Gordon, LLC's (collectively, "Defendants"), Motion to Dismiss (ECF No. 13) Anthony J. Lucero's ("Plaintiff") claims as follows: (1) dismiss, *with prejudice*, Plaintiff's Fourteenth Amendment claim; and (2) decline to exercise supplemental jurisdiction over Plaintiff's remaining fraud claim.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Plaintiff filed a timely Objection to the Recommendation ("Objection").  (ECF No. 22.)  For the reasons set forth below, Plaintiff's Objection is overruled, the Recommendation is adopted in its entirety, Defendants' Motion to Dismiss is granted, Plaintiff's Fourteenth

Amendment claim is dismissed *with prejudice*, and Plaintiff's fraud claim is dismissed *without prejudice*.

## I.  BACKGROUND

The Court derives the following primarily from Defendants' Motion to Dismiss (ECF No. 13) and the exhibits attached to that motion.  This is because Plaintiff's complaint (ECF No. 1) and amended complaint (ECF No. 9) (the "Amended Complaint") are completely devoid of information needed to separately provide this Court with needed context and background.

In 2006, Plaintiff sustained serious injuries while working at a hotel.  (ECF No. 13-5 at 2.)  Plaintiff retained attorney James R. Koncilja and law firm Koncilja & Koncilja, P.C. (collectively, "Koncilja"), who filed a personal injury action on Plaintiff's behalf in November 2008.  (*Id.*)  That action was eventually dismissed in 2010 "for failure to respond to a delay prevention order and otherwise diligently prosecute the case."  (*Id.*)

In 2011, Plaintiff retained Defendants to file an action against Koncilja alleging professional malpractice and breach of contract in the handling of the personal injury case.  (*Id.*)  This lawsuit was ultimately dismissed in 2012 because Plaintiff: (1) had failed to obtain expert testimony after it had been "deemed to be necessary to determine whether Koncilja's actions constituted negligence or a breach of contract"; and (2) "had not filed a certificate of review as required by statute."  (*Id.*)  The Colorado Court of Appeals subsequently affirmed that dismissal ruling.  (*Id.* at 3.)[1]

---

[1] Plaintiff then filed a petition for writ of *certiorari*, which was denied by the Colorado Supreme Court.  *Lucero v. Koncilja*, 2018 WL 4242924, at *2 (D. Colo. Sept. 6, 2018).  Soon after, Plaintiff, proceeding *pro se*, filed a second malpractice lawsuit against Koncilja in Colorado state court.  *Id.*  In dismissing the action, the trial court noted that "the issues raised in

On October 17, 2013, Plaintiff, proceeding *pro se*, filed an action against Defendants in Colorado state court. (*Id.*) In the lawsuit, Plaintiff alleged that the Defendants were "negligent in handling the legal malpractice case against Koncilja." (*Id.*) This time Plaintiff filed a certificate of review but once again did not designate any expert witness for trial. (*Id.*) On October 28, 2014, Defendants filed a motion for summary judgment, arguing that Plaintiff had continually "failed to endorse any expert witness" even though such "expert testimony was necessary to show professional negligence." (ECF No. 13-1 at 2.) The state court denied the motion and subsequently granted Plaintiff multiple continuances under "the belief that Plaintiff, who remains *pro se*, should be given extra reasonable opportunities to comply with the expert witness disclosure requirements." (*Id.* at 2–3.)

In its last continuance, the court required Plaintiff to disclose who his "expert witness might be" by June 1, 2015. (*Id.* at 3.) When Plaintiff failed to do so, the court granted Defendants' second motion for summary judgment. (*Id.* at 5.) The court noted that "[d]espite numerous opportunities and time to endorse an expert to opine on the standard of care purportedly breached by [Defendants], Plaintiff has failed to disclose any expert." (*Id.* at 5.)

---

the instant case are the same issues that were or should have been raised in [Plaintiff's first malpractice lawsuit]." *Id*. In addition, the court noted that Plaintiff once again did not file the required certificate of review. *Id.* Instead of appealing the court's dismissal, Plaintiff filed a motion for relief. *Id.* This motion was denied by the trial court because "Plaintiff's remedy . . . was to file a Notice of Appeal." *Id.* Plaintiff appealed the trial court's denial of his motion for relief but the Colorado Court of Appeals affirmed the order. *Id*. Plaintiff then filed a petition for writ of *certiorari*, which was again denied by the Colorado Supreme Court. *Id.* Soon after, Plaintiff brought a third malpractice action against Koncilja, this time before this Court. *Id*. Plaintiff's federal question claim (that Koncilja violated Plaintiff's Fourteenth Amendment Due Process right by not adequately investigating Plaintiff's case) was dismissed and this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at *5–6.

3

Plaintiff failed to appeal this judgment within the time permitted by Colorado law, but instead filed a motion for relief from judgment. (ECF Nos. 13 at 2 & 13-5 at 3.) In the motion, Plaintiff relied primarily on the argument that the Defendants had attached a fraudulent affidavit (the "Affidavit") to their summary judgment motion. (ECF No. 13-5 at 3.) The Affidavit described alleged discussions the Defendants had with Plaintiff concerning: "(1) [the] likely difficulty in collecting on any judgment they might obtain against Koncilja; (2) [Defendants'] unwillingness to advance [Plaintiff] funds for obtaining a certificate of review[;] and (3) [Plaintiff's] options[2] concerning filing or not filing a certificate of review." (*Id.* at 3–4.) After concluding that Plaintiff had failed to show that relief was warranted, the Colorado trial court denied the motion. (*Id.* at 4.)

Plaintiff then initiated appellate proceedings, resulting in the Colorado Court of Appeals affirming the denial of the motion for relief from judgment. (*Id*. at 11.) After "filing an unsuccessful motion to disqualify two members of the panel of the Court of Appeals (ECF Nos. 13-6 & 13-7) and an unsuccessful petition for rehearing (ECF Nos. 13-8 & 13-9), [Plaintiff] filed a petition for a writ of *certiorari* to the Colorado Supreme Court which was likewise denied (ECF Nos. 13-10 & 13-11)." (ECF No. 13 at 2–3.)

On December 22, 2017, Plaintiff, proceeding *pro se*, filed this case asserting claims against the Defendants for violations of his Fourteenth Amendment Due Process

---

[2] In particular, the Affidavit alleges: "[Defendants] instructed [Plaintiff] that he had the option of paying for an expert to provide a certificate of review, to forego his claims against Koncilja, or to authorize [Defendants] to proceed without a certificate of review on the theory that a certificate of review was not necessary because the claims against Koncilja were simple and easy to understand, such that a certificate of review was unnecessary. [Defendants] explained the risks of all three options, and [Plaintiff] acknowledged those risks. [Plaintiff] elected to proceed with the claims against Koncilja, but without obtaining a certificate of review." (ECF No. 13-2 ¶¶ 3–4.)

right and for fraud.  (ECF No. 1; ECF No. 9 at 2–3.)  In particular, Plaintiff alleges that Defendants, who represented him in the malpractice lawsuit against Koncilja, "violated [his] rights to due process of the law by choosing not to file the requisite certificate of review" and by failing to "do any interrogatories, depositions, or investigations . . . ."  (ECF No. 9 at 3.)  In addition, Plaintiff alleges that "Defendants committed extrinsic and intrinsic Fraud against Plaintiff [] and the State District Court" when they "created and filed . . . an provable, non-evidential, sham [A]ffidavit that is evidentially provable to be fraudulent, perjured in all aspects, and grounds for disbarment and criminal prosecution."  (*Id.*)

On June 29, 2018, Defendants filed a Motion to Dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 13).  In the motion, Defendants argue that, even after a liberal reading (as warranted by his *pro se* status), Plaintiff's complaint fails to meet the minimal standard of stating a valid claim on which Plaintiff could reasonably prevail.  (*Id.* at 3–4.)  In addition, Defendants assert that this Court does not have jurisdiction because: (1) Plaintiff's federal question claim fails since the Defendants are not state actors; and (2) diversity jurisdiction does not exist because all parties "reside[] in Colorado or do business in Colorado."  (*Id.* at 4.)

Moreover, Defendants argue that Plaintiff's "attempted legal malpractice claim is barred by the *Rooker-Feldman* doctrine which generally prohibits lower federal courts from hearing federal claims requiring direct review of final state court judgments."  (*Id.*)  In closing, Defendants claim:

> What [Plaintiff] is attempting to accomplish is to have this federal court review the judgment of the [Colorado] District Court and the Colorado Court of Appeals and denial of *certiorari* by the Colorado

5

> Supreme Court. To accomplish this end, [Plaintiff] simply adds to
> his malpractice claim stating he was denied to due process of law.
> This is not permitted.

(*Id.*) The Magistrate Judge reviewed the Motion and issued her Recommendation on September 17, 2018. (ECF No. 21.)

## II. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, Plaintiff filed a timely objection to the Magistrate Judge's Recommendation. (ECF No. 22.) Therefore, this Court reviews the issues before it *de novo*.

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 559 U.S. 662, 678 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a complaint 'with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Further, in considering the Magistrate Judge's recommendation, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for

Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## III. ANALYSIS

The Magistrate Judge recommended that: (1) Defendants' Motion to Dismiss (ECF No. 13) be granted; (2) Plaintiff's Fourteenth Amendment claim be dismissed *with prejudice*; and (3) supplemental jurisdiction over Plaintiff's fraud claim not be exercised by this Court. (ECF No. 21 at 6.) The Magistrate Judge made several findings to reach these recommendations. Plaintiff specifically objects to each of the Magistrate Judge's findings supporting his recommendation. (ECF No. 22.) This Court will address the Magistrate Judge's findings and Plaintiff's objections in turn.[3]

### A. Fourteenth Amendment Claim

In the Recommendation, the Magistrate Judge noted that, under 42 U.S.C. § 1983,[4] "persons acting under the color of state law can be held liable for depriving others of their constitutional rights." (ECF No. 21 at 4.) *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Recommendation further noted:

> In order to show that an action was taken under color of state law, a plaintiff must show: (1) that the "alleged constitutional deprivation [was] 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed

---

[3] Plaintiff makes several arguments in his Objection, most of which are extraneous to the issues at hand. (ECF No. 22.) For purposes of this Order, the Court will focus exclusively on the arguments that relate to the Magistrate Judge's Recommendation (ECF No. 21).

[4] "[C]laims alleging violation of the Fourteenth Amendment must be brought pursuant to 42 U.S.C. § 1983; the Amendment itself does not provide a direct cause of action." *Robinson v. Bd. of Regents of Univ. of Colo.*, 390 F. Supp. 2d 1011, 1017 (D. Colo. 2005).

8

> by the State or by a person for whom the state is responsible,'" and (2) that the "party charged with the deprivation [was] a person who may fairly be said to be a state actor."

(ECF No. 21 at 4 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).) The Magistrate Judge recommended that the Fourteenth Amendment claim be dismissed because Plaintiff had failed to plead "any facts to show that the [D]efendants are state actors." (ECF No. 21 at 5.)

In his Objection, Plaintiff argues that the Defendants are "state actors under color of state and federal law." (*See* ECF No. 22 at 4–5.) To support his argument, Plaintiff cites a Supreme Court case which states: "[A] person [] may fairly be said to be a state actor . . . [if] he has acted together with or has obtained significant aid from state officials . . . ." (*Id*. at 4 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).) Plaintiff makes several assertions to support his allegation that Defendants acted together with and obtained significant aid from state officials.

First, Plaintiff claims that the state court allowed the Defendants to submit the "sham [A]ffidavit . . . 11 months after the deadline to introduce an affirmative defense." (*Id*. at 4.) Second, Plaintiff alleges that a state trial court judge allowed Defendants' Affidavit to be introduced into the record without a motion, even though the judge had previously ruled that it could be introduced "only upon a motion." (*Id.* at 5.) Third, Plaintiff asserts that a state trial court judge who presided over his case could have served as his expert witness and when she refused to do so she "legally align[ed] herself with [the Defendants], ignoring the rules of law and equity." (*Id.*) Fourth, Plaintiff claims that the Magistrate Judge "made an unjustified ruling that granted [Defendants']

9

Motion for Summary Judgment, without legal or equitable justification." (*Id.*)[5] Fifth, Plaintiff alleges that the courts committed all of the foregoing discrepancies even though "Plaintiff had done everything correctly, including the introduction of 31 pieces of evidence," while the Defendants' only evidence was the "sham [A]ffidavit." (*Id.* at 4–5.)

Generally, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). A sufficient claim of a conspiracy between a private lawyer and state actors, however, "could support the allegation that a private lawyer acted under color of state law." *Ellibee v. Fox*, 244 F. App'x. 839, 843 (10th Cir. 2007) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state . . . judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Raiser v. Kono*, 245 F. App'x. 732, 736 (10th Cir. 2007) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). This "standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges here." *Id.*

Plaintiff's Amended Complaint does not contain any facts, or even conclusory allegations, that could establish an agreement or meeting of the minds between

---

[5] In his Objection, Plaintiff claims that this Court (and not the Magistrate Judge) made the alleged "unjustified ruling" that granted Defendants' motion for summary judgment. The Defendants, however, have never filed a motion for summary judgment in this lawsuit and this Court has made no such ruling. Thus, it appears that Plaintiff is referring to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss be granted. But Plaintiff has not alleged that the Magistrate Judge participated in the state court lawsuit.

Defendants and the state court judges to deprive him of his constitutional right of Due Process. (*See* ECF No. 9 at 2–3.) Instead, the Amended Complaint merely states that Defendants "violated [his] rights to due process of the law by choosing not to file the requisite certificate of review" and by failing to do "any interrogatories, depositions, or investigations" in Plaintiff's lawsuit against Koncilja. (*Id.* at 3.) In fact, Plaintiff does not once allege a conspiracy between Defendants and any state actor until his Objection. (*See* ECF No. 22 at 4–5.)

Even if this Court construed the Objection to be a supplement to the Amended Complaint, Plaintiff still fails to state a claim upon which relief can be granted. In the Objection, Plaintiff merely cites rulings by the state court that were not favorable to him. This is far from establishing an agreement or meeting of the minds between Defendants and the state court judges to deprive him of any federal rights. Thus, Plaintiff has failed to state a cognizable claim under § 1983. Accordingly, the Court adopts the Magistrate Judge's Recommendation in regard to Plaintiff's Fourteenth Amendment claim and grants Defendants' Motion to Dismiss the claim.

**B. Supplemental Jurisdiction**

The Magistrate Judge recommended that if this Court dismisses Plaintiff's constitutional claim, which it has done, it should also decline to exercise supplemental jurisdiction over the remaining state law claim of fraud. (ECF No. 21 at 5–6.) The Recommendation noted that this Court would no longer have federal question jurisdiction once the constitutional claim is dismissed. (*Id.* at 5.) In addition, the Magistrate Judge found that Plaintiff "concedes that there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332." (*Id.*; *see* ECF No. 16 at 2.)

11

In his Objection, Plaintiff argues that this Court has diversity jurisdiction because "[he] meets the diversity criteria . . . because he [is] not just racially diverse, but diversity can also apply to educational level, brain injury challenges, and access to the legal information." (ECF No. 22 at 6.) In addition, Plaintiff claims that "not being an attorney set[s] him apart automatically as diverse, as well as his life-threatening, continually debilitating work injuries form [*sic*] 11/2006, that are the foundation for this case at hand." (*Id.*) But Plaintiff simply misunderstands the meaning of "diversity" in this context, which is entirely focused on the geographic residence of the parties. *See* 28 U.S.C. § 1332.

In the Motion to Dismiss, Defendants assert that diversity jurisdiction does not exist in this case because "[a]ll parties [have] always resided in Colorado or do business in Colorado." (ECF No. 13 at 4.) In his response, Plaintiff states that his "case does not involve diversity [jurisdiction]" but instead involves federal question jurisdiction. (ECF No. 16 at 2, 5.) In addition, Plaintiff notes in his proposed scheduling order that Plaintiff is a resident of Colorado, Defendant Paul Gordon is an attorney practicing law in Colorado, and Defendant Paul Gordon, LLC, is a company doing business in Colorado.[6] (ECF No. 20 at 15.) In sum, Plaintiff has provided this Court with no basis to conclude that diversity jurisdiction exists. Accordingly, the Court only has supplemental jurisdiction over the remaining fraud claim. *See* 28 U.S.C. § 1367.

---

[6] While the citizenship of a corporation, for diversity jurisdiction purposes, is determined by the state(s) in which the entity is incorporated and the state where its principal place of business is located, the citizenship of a LLC is determined by the citizenship of all of the entity's members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015). Paul Gordon, a resident of Colorado, is presumably a member of Paul Gordon, LLC. Thus, Paul Gordon, LLC, is a citizen of Colorado.

The Court has now dismissed Plaintiff's constitutional claim in its entirety and *with prejudice*. A federal court does not have original jurisdiction over a state law claim unless that state law claim "turn[s] on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Plaintiff's remaining state law claim does not turn on questions of federal law.

Federal supplemental subject matter jurisdiction over a state law claim "is extended at the discretion of the court and is not a plaintiff's right." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992). According to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has gone further and held that "[w]hen all federal claims have been dismissed, the court may, and *usually should*, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (emphasis added).

In considering whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In the interest of comity and federalism, district courts are advised against making "[n]eedless decisions of state law." *TV Commc'ns Network, Inc.*, 964 F.2d at 1028.

The instant suit is not yet close to trial, so issues of judicial economy and fairness are not implicated here. *See Carnegie-Mellon Univ.,* 484 U.S. at 350. Rather, "[n]otions

of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). The remaining claim of fraud is grounded in Colorado common law; no federal laws are implicated by the claim. Since the Court finds no compelling reasons to maintain jurisdiction over this suit, the Court declines to exercise its supplemental jurisdiction over the remaining fraud claim.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 21) is ADOPTED in its entirety;
2. Plaintiff's Objection (ECF No. 22) is OVERRULED;
3. Defendants' Motion to Dismiss (ECF No. 13) is GRANTED;
4. Plaintiff's Fourteenth Amendment claim is DISMISSED WITH PREJUDICE;
4. The Court DECLINES to exercise its supplemental jurisdiction over Plaintiff's remaining state law claim of fraud and thus that claim is DISMISSED WITHOUT PREJUDICE; and
5. The Clerk of the Court shall enter judgment in favor of Defendants and terminate this case. Each party shall bear his or its own attorneys' fees and costs.

Dated this 17th day of December, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge